## THE JOHN HILT LAKE ICE COMPANY v. ZAHRT.

[No. 3,977. Filed January 14, 1902. Rehearing denied April 2, 1902. Transfer denied June 26, 1902.]

LAKES.—*Ice.*—*Rights of Riparian Owner.*—The owner of a government fractional subdivision of land bordering upon a non-navigable lake takes title to so much of the land under the lake as is included within the boundaries of such subdivision, and may recover for ice removed therefrom without his consent.

From Laporte Circuit Court; *J. C. Richter*, Judge.

Action by William Zahrt against the John Hilt Lake Ice Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*J. G. Williams* and *Mortimer Nye*, for appellant.

*F. R. Liddell, E. E. Weir, A. J. Hickey* and *T. L. Park*, for appellee.

HENLEY, J.—This action was commenced by appellee against appellant to recover damages for the wrongful cutting and conversion by appellant of ice over real estate of which appellee claimed to be the owner. A part of the land claimed by appellee, and upon which the ice in controversy was formed, was covered by the waters of a small non-navigable inland lake called Pine lake, situated in Laporte county, Indiana. The complaint was in six paragraphs, and charges that appellant erected large ice houses upon the bank of Pine lake; that said lake is a body of water about one and one-quarter miles long and one mile wide, and is all situated in section twenty-seven, township thirty-seven north, range three west, in Laporte county, except an arm on the north extending a short distance into

the adjoining section and also an arm on the west extending a short distance into the section adjoining the west side of section twenty-seven. Appellee's land is particularly described, and appellant is charged with having entered upon the ice formed upon and over that portion of Pine lake belonging to appellee, and lying within the northeast quarter of section twenty-seven, and without right or authority, and against the will and without the consent of appellee, with having cut and carried away, for the purpose of sale and profit, the ice formed upon appellee's premises, and with converting said ice to appellant's own use and profit. Each paragraph of complaint is limited to a certain year, the whole complaint extending over and including the years 1892, 1893, 1894, 1895, 1896, and 1897. The paragraphs of complaint are identical except in respect to the time covered. The cause was put at issue by the answer of general denial filed by appellant. 'There was a trial by jury, a dismissal of the fifth paragraph of complaint by appellee pending the trial, a verdict for appellee assessing his damages at $450; and, over appellant's motion for a new trial, judgment was rendered accordingly.

The only error here assigned is that the trial court erred in overruling appellant's motion for a new trial. Appellant has assigned four reasons in its motion for a new trial, as follows: (1) Error in overruling appellant's motion to instruct the jury to find for appellant; (2) error in refusing to instruct the jury as above indicated; (3) error in giving each of seven instructions given by the court upon its own motion; and (4) that the verdict is not sustained by the evidence.

The whole controversy grows out of the fact that appellee claims to be the owner of a portion of the bed of Pine lake, and appellant denies that appellee has any title to the portion so claimed. This question of title is presented in each of the reasons for a new trial; hence they will be considered together. Appellant does not contend that appellee

does not own the dry land situated within the subdivision of section twenty-seven known as the northeast fractional quarter, nor is there any dispute over the amount and value of the ice cut and taken away. The dispute is over the ownership of that part of the fractional northeast quarter of said section twenty-seven which is covered by the waters of Pine lake. Appellee has the title to the dry land in said fractional quarter, both by record and by adverse possession. The question, then, to be determined, is, does appellee, as riparian owner of land bordering upon a non-navigable lake or pond, take title to all the land wet and dry within the subdivision in which his land is situated?

The case of *Stoner* v. *Rice,* 121 Ind. 51, 6 L. R. A. 387, settles the question here in dispute adversely to the claim of appellant. In that case the facts were substantially the same as in the case under consideration. In disposing of the question there presented, the Supreme Court said: "The true doctrine to apply in the disposition of such land as is covered by the body of such lakes, we think, is that the government in making surveys included in such surveys all the land within the district surveyed, and if there was a lake or large pond which covered a part of a subdivision, it was meandered out, and the dry land in such subdivision designated as a fractional subdivision, or lot; that in the purchase of such fractional subdivision, or lot, the purchaser took title to it as a riparian owner, with the right to the land as the water receded within the boundary lines of the subdivision conveyed to the purchaser. In other words, the purchaser acquired title to all the land within the subdivision, though it was described as a fractional subdivision, or lot. The authorized survey divided all the land within the district into subdivisions, and if, by reason of water upon a tract of the land, a portion of it was regarded at the time as worthless and unsalable, there was a meander line run to ascertain the amount of dry

land, and such subdivision was designated as a fractional subdivision, or lot, and although thus described the sale passed title to the whole subdivision." As leading up to and supporting the doctrine announced in *Stoner* v. *Rice, supra,* we cite *Ross* v. *Faust,* 54 Ind. 471, 23 Am. Rep. 655; *Ridgway* v. *Ludlow,* 58 Ind. 248, 252; *Edwards* v. *Ogle,* 76 Ind. 302.

In the case at bar the conveyance to appellee, under which he has held adverse and undisputed possession of the land in controversy for more than thirty years, described the land conveyed as the "fractional northeast quarter of section twenty-seven" etc. In the case of *Brophy* v. *Richeson,* 137 Ind. 114, our Supreme Court affirmed the doctrine of the case of *Stoner* v. *Rice, supra,* and held that the grantee named in a deed which described the land conveyed thereby as "the S. E. fr. qr. sec. 21 T. 27 N., R. 1 W., containing 95 and 31 hundredths acres" was the owner of the whole of said quarter section although a part of it not included in the "95 and 31 hundredths acres" was covered by a part of a non-navigable inland lake. Also, see, *Tolleston Club* v. *State,* 141 Ind. 197, 207. Counsel for appellant contend that the case of *State* v. *Portsmouth Savings Bank,* 106 Ind. 435, sustains their position that the meander line was appellee's boundary line. This was the Beaver lake case. Dunn and Condit owned nearly all the border lands around Beaver lake. The lake was drained by means of ditches and its bed, consisting of more than 17,000 acres of valuable land, was left dry. Dunn and Condit claimed to own to the center or thread of the lake. This claim was denied, and the court held that the grants of Dunn and Condit carried no more "than was included in the several surveyed subdivisions." In other words, Dunn and Condit could not claim the bed of Beaver lake because it was beyond the lines of the subdivisions conveyed to them, and this holding is not in conflict with the later

case of *Stoner* v. *Rice,* 121 Ind. 51, and *Brophy* v. *Richeson,* 137 Ind. 114.

It follows from what we have said that the judgment of the trial court must be affirmed. Judgment affirmed.